UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL FULTZ,

        Plaintiff,

                                                      Case No. 06-CV-11687
vs.                                            HON. GEORGE CARAM STEEH

LASCO FORD, INC. and
JOSEPH PONTIAC, INC.,

        Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#44)

Plaintiff April Fultz moves for reconsideration of this court's November 13, 2007 Order granting defendants Lasco Ford, Inc.'s and Joseph Pontiac, Inc.'s motions for summary judgment, and dismissing Fultz's claims under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691, et seq., and Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq.. The court dismissed Fultz's claims on ruling that neither Lasco Ford nor Joseph Pontiac took "adverse action" on Fultz's credit applications, and therefore neither Lasco Ford nor Joseph Pontiac were required by the ECOA or FCRA to send Fultz a written adverse action notice. Fultz moves for reconsideration arguing the court dismissed the claims without benefit of a full briefing on the issue of what constitutes an "adverse action." Fultz also proffers forms to support its position that requiring the dealerships to provide written adverse action notices under the instant circumstances would be minimally burdensome.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a

palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Plaintiff Fultz has failed to demonstrate a palpable error. Plaintiff's argument that the court addressed an issue not raised in the parties' briefs is wholly without merit. The dispositive issue was whether Lasco Ford and Joseph Pontiac were "creditors" that were required to provide Fultz with written adverse action notices under federal statutory and regulatory law. As pointed out by the court,

> Fultz's argument that the Lasco Ford and Joseph Pontiac dealerships are ECOA "creditors" fails to address the narrower issue of whether Lasco Ford and Joseph Pontiac are ECOA "creditors" for purposes of the adverse action notice requirements of 15 U.S.C. § 1691(d). Only "each creditor taking adverse action" must comply with the notice requirements of § 1691(d). 12 C.F.R. § 102.9(g).

November 13, 2007 Order, at 11. The court was not required to end its analysis here. Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971 (7th Cir. 2004), briefed extensively by Fultz, cogently explains:

> Gateway's actions are distinguishable from the common scenario in which an automobile dealership decides to send a credit application to a limited number of the many lenders with which it works. The Federal Reserve Board has clearly indicated that merely "selecting creditors to whom applications will be made" does not make one a "creditor" for purposes of the notice requirements of the ECOA. See 68 Fed. Reg. 13155. In that situation, at least one lender is given the opportunity to decide whether to extend credit. Therefore, it is the lender, rather than the dealer, that makes the credit decision. Where the dealer decides not to send out the application at all, however, it is making the credit decision. Moreover, if the dealer sends the application to at least one lender, there is another party that can provide notice to the applicant. Where the dealer decides not to send out the application at all, only the dealer can provide notice.

Treadway, 362 F.3d at 980 n. 8 (quoted in November 13, 2007 Order, at 9). The court did

not err in concluding that "[t]he undisputed facts of this case fit the 'common scenario' described above, with Lasco Ford and Joseph Pontiac sending Fultz's credit applications to a limited number of the many lenders with which they work." November 13, 2007 Order, at 9. The court did not misapply the reasoning in Madrigal v. Kline Oldsmobile, Inc., 423 F.3d 819 (8th Cir. 2005). Plaintiff's current reliance on model forms does not displace the court's ruling that, under the undisputed facts, neither the ECOA or FCRA required Lasco Ford or Joseph Pontiac to provide Fultz with a written notice of adverse action. Accordingly,

Plaintiff April Fultz's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: December 19, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk